UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. ECKSTEIN, *Pro Se,* | ) | Case No.: 1:23 CV 2333 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CRAIG ORES, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff Andrew Eckstein filed this *pro se* civil rights action against Ohio Parole Officer Craig Ores, and Ohio Adult Parole Authority ("OAPA") Supervisor Brian Houser.  In the Complaint, Plaintiff asserts that although the judge in his criminal trial ordered his sentence to run concurrent to his sentence for his parole violation sanction, the OAPA refuses to calculate the two sentences as running concurrently.  He asks this Court to Order Defendants to correct their calculation of his sentence and award him monetary damages for the additional time he has served.

## Background

Plaintiff's Complaint is very brief.  He states he was arrested on February 19, 2023, and charged with a misdemeanor.  He appeared in a Franklin County Court before Judge Gina Russo on April 20, 2023, for sentencing on the misdemeanor.  He claims Judge Russo ordered his sentence to be served concurrent to the sanction imposed by the OAPA for violating the terms of his post-release control.  He alleges that the OAPA has refused to run the two sentences concurrently.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### Analysis

To the extent Plaintiff seeks to have his sentence recalculated, he cannot obtain that relief in a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that Plaintiff seeks compensation for time he believes he should not have been required to serve, his claim is premature. In order to recover damages in a civil rights action for an alleged unconstitutional imprisonment, a Plaintiff must prove that the conviction or sentence was reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages that calls into question the validity of a conviction or sentence that was not invalidated is not cognizable in a civil rights action. Here, Plaintiff cannot proceed with this claim unless his sentences are first declared to be unlawful. That determination cannot be made in a civil rights action. It must be made on direct appeal or through a federal habeas corpus action. *Preiser*, 411 U.S. at 500. Plaintiff cannot

3

proceed with his claim for damages.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 8, 2024

4